**Case No. 24-1101**

_____

**UNITED STATES COURT OF APPEALS**

**FOR THE FIRST CIRCUIT**

_____

IN RE: ANDY LUU TRAN,

Debtor,

_____

ANDY LUU TRAN,

Appellant,

v.

CITIZENS BANK, N.A., f/k/a RBS Citizens; HERBERT JACOBS,

Defendants – Appellees

_____

**OPENING BRIEF FOR DEFENDANT-APPELLEE HERBERT JACOBS**

_____

ON APPEAL FROM A DISTRICT COURT MEMORANDUM AND ORDER

AFFIRMING A BANKRUPTCY COURT ADVERSARY PROCEEDING

SUMMARY JUDGMENT

FOR THE APPELLEE:

John F. Willis, Esq.

Fidelity National Law Group

125 High Street, Suite 1813

Boston, MA 02110

617-316-0144

First Circuit bar no. 1172692

## **<u>TABLE OF CONTENTS</u>**

Table of Authorities…………………………………………………………..iii

Statement of the Issues Presented…………………………………………..1

Statement of the Case………………………………………………………1

Summary of Argument……………………………………………………...3

Argument……………………………………………………………………3

    I.      The Standard of Review is De Novo……………….…………….3

    II.    After Tran Granted the Mortgage in 2008, Citizens Bank
            Held Legal Title to the Property and the Only Title
            that Tran Still Had Was the Equity of Redemption……………..4

    III.   11 U.S.C. § 522(h) and 11 U.S.C. § 544 Do Not Allow
            Avoidance of the Sale of the Legal Title to the Property From
            Citizens Bank to Jacobs, Because the Legal Title Was Not
            Tran's Property When the Bankruptcy Petition Was Filed….…….4

    IV.   After the Foreclosure Auction and Memorandum of Sale
            Execution on August 16, 2022, Tran Had No Title in the
            Property…………….…………………………………………..7

    V.     The Affidavit of Sale Provides Constructive Notice of the
            Foreclosure Sale Terminating Tran's Equity of Redemption........10

    VI.   Judge Young Did Not Look To *In Re Mbazira* For Guidance
            Because Judge Young Correctly Concluded That the Deed
            Is Irrelevant Here…………………………………………...12

    VII.  Tran's New Argument that the Affidavit of Sale Lives Or Dies
            Or Dies with the Foreclosure Deed Is Waived and Lacks Merit…13

    VIII. *White v. Macarelli* Does Not Hold that Mortgagors Retain
            Any Title to Property After the Foreclosure Sale……………..…14

    IX.   Judge Young Wrote "Clarified" Not "Muddied" Regarding
            Post-*Beal* Cases…………………………………………………16

X.    *Fannie Mae v. Hendricks* Does Not Support Tran's Argument……………………………………….…………17

XI.    *In re Sullivan* Is Not Relevant…………………………….………..18

XII.    Jacob's Reply Did Not Just Say No to the Second Question……19

Conclusion………………………………………………………………19

Certificate of Service…………………………………………………..20

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Beal v.  Attleborough Savings Bank,* 248 Mass. 342, 142 N.E. 789 (1924)….16

*Bevilacqua v. Rodriguez,* 460 Mass. 762, 955 N.E.2d 884 (2011)……………4

*Brown v. Financial Enters. Corp. (In re Hall),* 188 B.R. 476 (Bankr. D.  Mass. 1995)………………………………….…………………..………9

*Chaves v. United States Bank, N.A.,* 335 F. Supp. 3d 100 (D. Mass. 2018)….17

*Cooper v. Monroe,* 237 Mass. 192, 129 N.E. 436 (1921)……………………14

*Dickey v. U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr.,* 2020 WL 4474273 (D. Mass. 2020), *aff'd,* 2021 WL 7627516 (1st Cir. 2021) (unpublished) ……………………………………………………… 8

*Double B Cap. Grp., LLC v. Ellis,* 101 Mass. App. Ct. 903, 197 N.E.3d 432 (2022)…………………………………………………………………4

*Eaton v. Federal Nat'l Mtge. Ass'n,* 462 Mass. 569, 969 N.E.2d 1118 (2012)…………………………………………………………………4

*Fannie Mae v. Hendricks,* 463 Mass. 635, 977 N.E.2d 552 (2012)………….17

*Frankowich v. Szczuka*, 321 Mass. 75, 71 N.E.2d 761 (1947)…………………7

*In re Crichlow,* 322 B.R. 229 (Bankr.. D. Mass. 2004)……………………8, 15

*In re Fitzgerald,* 237 B.R. 252 (Bankr. D.Conn.1999))………….……..…..18

*In re Piper,* 291 B.R. 20 (Bankr. D. Mass. 2003)………………….………19

*In re Sullivan,* 551 B.R. 868 (Bankr. D. Mass. 2016)…………………………18

*In re Theoclis,* 213 B.R. 880 (Bankr. D. Mass.1997)…………………………8

*In re Varrasso,* 37 F.3d 760 (1st Cir. 1994)…………….…..………………4

*Kattor v. Adams,* 323 Mass. 686, 84 N.E.2d 124 (1949)……….…………16, 17

*Kelley v. Neilson,* 433 Mass. 706, 745 N.E.2d 952 (2001)……....………...16, 17

*Laurin v. De Carolis Constr.*, 372 Mass. 688, 363 N.E.2d 675 (1977)…...16, 17

*Lemelson v. U.S. Bank Nat'l Ass'n,* 721 F.3d 18 (1st Cir. 2013)………………4

*Merit Mgmt. Grp., LP v. FTI Consulting, Inc.,* 583 U.S. 366, 138 S. Ct. 883, 200 L. Ed. 2d 183 (2018)…………………………………………………3

*Outpost Cafe, Inc. v. Fairhaven Sav. Bank,* 3 Mass. App. Ct. 1, 322 N.E.2d 183 (1975)……………………………………………7, 8,11, 15, 16

*Perrino v. BAC Home Loans Servicing, LP (In re Trask),* 462 B.R. 268 (B.A.P. 1st Cir. 2011)……………………………………………………10

*Puerto Rico Tel. Co. v. T-Mobile Puerto Rico LLC,* 678 F.3d 49 (1st Cir. 2012)…………………………………………………………13

*Ray v. JP Morgan Chase & Co.,* 2016 WL 2854323 (Mass. Land Ct. 2016), *aff'd sub nom. Ray v. JPMorgan Chase & Co.,* 2017 WL 4832728 (2017) (unpublished)…………………………………………..8, 15

*Samayoa v. Encore Credit Corp. (In re Samayoa),* 2011 WL 5041756
(Bankr. D. Mass. Oct. 24, 2011) (unpublished) …………………………………..8

*U.S. Bank v. Desmond (In re Mbazira),* 15 F.4th 106 (1st Cir. 2021)…….12, 14

*Weiss v. U.S. Bank, as Trustee (In re Mularski),* 565 B.R. 203 (Bankr. D.
Mass. 2017)…………………………………………………………………………6

*White v. Macarelli,* 267 Mass. 596 166 N.E. 734 (1929)…………………15, 16

*Williams v. Resolution GGF Oy,* 417 Mass. 377, 630 N.E.2d 581 (1994)……..9

## **Statutes**

11 U.S.C. § 522(h)……………………………………………………….1, 2, 3, 5, 19

11 U.S.C. § 544……………………………………...1, 3, 5, 6, 7, 10, 12, 14, 17, 19

G.L. c. 222, § 15(c)…………………………………………………………12

G.L. c. 244……………………………………………………………………..11

G.L. c. 244, § 14…………………………………………………..……..11, 17

G.L. c. 244, § 15…………………………………………………..……10, 11

Fed. R. App. P 6(b)(2)(B)(i)…………………………………………………1

Fed. R. App. 30(a)(1)(C)………………………………………………..2

v

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

1. Did the District Court and the Bankruptcy Court correctly hold that after Tran granted the Mortgage in 2008, the only title in the Property that Tran still had was the equity of redemption?

2. Did the District Court and the Bankruptcy Court correctly hold that 11 U.S.C. § 522(h) and 11 U.S.C. § 544 do not allow avoidance of the sale of legal title to the Property from Citizens Bank to Jacobs?

3. Did the District Court and the Bankruptcy Court correctly hold that after the foreclosure auction and memorandum of sale execution on August 16, 2022, Tran had no title in the Property?

4. Did the Bankruptcy Court and the District Court correctly hold that the recorded Affidavit of Sale provides constructive notice that Tran's equity of redemption was extinguished?

## <u>STATEMENT OF THE CASE</u>

The material facts in this case are uncontested.  District Court Memorandum & Order ("Order"), at p. 5; Appendix ("APP") 2.[1]  The property at issue is located

---

[1] There is no record in this Court because Tran did not comply with the requirement in Fed. R. App. P 6(b)(2)(B)(i) that "after filing the notice of appeal, the appellant must file with the clerk … a designation of the record."

Also, Tran did not comply with Fed. R. App. 30(a)(1)(C) by including the Order in his Appendix.  However, the Order is in the Addendum to Tran's brief.

1

at 47 Clinton Street, Framingham, Massachusetts (the "Property"). Order, at p. 3.

On May 27, 2008, Tran granted a mortgage on the Property to Citizens Bank (the

"Mortgage"). *Id*, at p. 5. Citizens Bank foreclosed on the Mortgage. *Id.*

On August 16, 2022, Jacobs purchased the property at the foreclosure auction.

*Id.* Also on August 16, 2022, Citizens Bank and Jacobs signed a memorandum of

sale in connection with the purchase. *Id.* On August 22, 2022, the Foreclosure Deed

was signed. *Id.*

On September 8, 2022, the Affidavit of Sale and the Foreclosure Deed were

recorded. *Id.* On September 13, 2022, Tran filed for Chapter 13 bankruptcy. *Id., at*

p. 6.

On September 14, 2022, Tran filed an adversary proceeding in the Bankruptcy

Court. *Id.* Tran's adversary complaint alleges that 11 U.S.C. § 522(h) permits him

to avoid the foreclosure sale. APP 17.

On August 11, 2023, the Bankruptcy Court entered summary judgment in

favor of Jacobs and against Tran. APP 9. On January 23, 2024, the District Court

affirmed the summary judgment. Order, at p. 31. On the same day, Tran filed a

notice of appeal to this Court. On February 21, 2024, Jacobs filed a Motion to

Dismiss Appeal. That motion is pending.

## SUMMARY OF ARGUMENT

As stated by the Bankruptcy Court, the issue in this case "is whether a trustee in bankruptcy (and, thus, the Debtor, having standing under 11 U.S.C. § 522(h)) could avoid the prepetition transfer of the Property as a hypothetical good faith purchaser by virtue of 11 U.S.C. § 544 "strong-arm" powers." APP 4. Section 544 of the Bankruptcy Code "set[s] out circumstances under which a trustee can avoid unrecorded liens and conveyances." *Merit Mgmt. Grp., LP v. FTI Consulting, Inc.,* 583 U.S. 366, 371, 138 S. Ct. 883, 200 L. Ed. 2d 183 (2018).

Here, by granting the Mortgage, Tran conveyed legal title to the Property to Citizens Bank. After granting the Mortgage, the Debtor's only remaining interest in the Property was a right of redemption. As the Bankruptcy Court and the District Court correctly held, the recorded Affidavit of Sale provided constructive notice that the Debtor's only remaining interest in the Property, the right of redemption, was extinguished.

## ARGUMENT

### I.     The Standard Of Review Is De Novo

This Court "must review orders granting summary judgment de novo." *In re Varrasso,* 37 F.3d 760, 763 (1st Cir. 1994). "This standard of review is not diluted when, as now, the underlying proceeding originates in the bankruptcy court." *Id.*

3

**II.    After Tran Granted The Mortgage in 2008, Citizens Bank Held Legal Title To The Property And The Only Title That Tran Still Had Was The Equity Of Redemption**

Massachusetts follows the title theory of mortgage law, which means that a mortgage splits the title to property in two parts: the legal title, which becomes the mortgagee's when the mortgage is granted, and the equity of redemption, which the mortgagor retains. *Lemelson v. U.S. Bank Nat. Ass'n,* 721 F.3d 18, 23 (1st Cir. 2013). The equity of redemption is the mortgagor's right to reacquire legal title by paying the debt which the mortgage secures. *Id.,* 721 F.3d at 23-24.

Here, Tran transferred his legal title to the Property to Citizens Bank by granting the Mortgage in 2008. His only remaining title in the property from that time until the foreclosure sale was an equity of redemption. *Double B Cap. Grp., LLC v. Ellis,* 101 Mass. App. Ct. 903, 197 N.E.3d 432 (2022) ("The ... mortgage of the property effected a valid transfer of legal title to [the mortgagee], leaving the [borrowers] with only the equity of redemption."). *See also Lemelson,* 721 F.3d at 23-24; *Eaton v. Federal Nat'l Mtge. Ass'n*, 462 Mass. 569, 575-576, 969 N.E.2d 1118 (2012); *Bevilacqua v. Rodriguez*, 460 Mass. 762, 773, 955 N.E.2d 884 (2011).

**III.    11 U.S.C. § 522(h) and 11 U.S.C. § 544 Do Not Allow Avoidance Of The Sale Of The Legal Title To The Property From Citizens Bank To Jacobs, Because The Legal Title Was Not Tran's Property When The Bankruptcy Petition Was Filed**

Tran's claim is based on 11 U.S.C. § 522(h) allowing him to avoid transfers

4

that the Bankruptcy Trustee could avoid under 11 U.S.C. § 544. Order, at p. 2; APP 17. However, 11 U.S.C. § 544 only allows for avoidance of transfers of Tran's property (*i.e.,* the equity of redemption), not Citizens Bank's property (*i.e.,* the legal title):

> **(a)** The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of **property of the debtor** or any obligation incurred by the debtor that is voidable by--
>
>> **(1)** a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>>
>> **(2)** a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
>>
>> **(3)** a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.
>
> **(b) (1)** … [T]he trustee may avoid any transfer of an **interest of the debtor in property** or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim ….

11 U.S.C. § 544.

5

Tran's focus on the Foreclosure Deed is misplaced because all that the Foreclosure Deed accomplished was transferring legal title from Citizens Bank to Jacobs.  As to that transfer, Tran was "a stranger."  APP 8 (*citing Weiss v. U.S. Bank, as Trustee (In re Mularski),* 565 B.R. 203, 207 (Bankr. D. Mass. 2017)).

As both the Bankruptcy Court and the District Court recognized, the only transfer that is relevant in this case under 11 U.S.C. § 544 is the one affecting Tran's interest, namely the extinguishment of his equity of foreclosure by the foreclosure auction.  The District Court explained as follows:

> Section 544, as interpreted by the Supreme Court, "set[s] out circumstances under which a trustee can avoid unrecorded liens and conveyances."  One of those circumstances arises when a trustee may avoid any obligation incurred by the debtor that is voidable by "a real or hypothetical bona fide purchaser, regardless of any actual knowledge of the obligation by the trustee."  *United States Bank, N.A. v. Desmond (In re Mbazira),* 15 F.4th 106, 111 (1st Cir. 2021) (describing 11 U.S.C. § 544(a)(3).  "Thus, [under this section,] the trustee can only void a mortgage obligation if it did not have constructive notice of the encumbrance." *Id.*
>
> The question before this Court is whether a good faith purchaser would have been put on constructive notice of the transfer (extinguishment) of Tran's equity of redemption to Citizens via the execution of the memorandum of sale. If the question is answered in the affirmative, that is, if there is constructive notice, Tran, cloaked as a bona fide purchaser under Section 544(a)(3), cannot avoid the transfer; if answered in the negative, that is, in the absence of constructive notice, he can.

Order, at pp. 24-25 (footnote omitted).

**IV.     After The Foreclosure Auction And Memorandum Of Sale Execution On August 16, 2022, Tran Had No Title In The Property**

As discussed above, the only interest that Tran retained after granting the Mortgage was his equity of redemption.  Tran admits in his adversary complaint that the foreclosure auction terminated that equity of redemption.  APP17, at ¶ 12 ("All that a foreclosure auction accomplishes is terminating the equity of redemption.").

The District Court agreed that the foreclosure auction terminated Tran's equity of redemption: "Having reviewed the entire record, ... this Court holds that Tran's equity of redemption extinguished at the conclusion of the foreclosure auction sale upon the execution of a memorandum of sale between Citizens Bank and Jacobs."  Order, at p. 2.

In *Outpost Cafe, Inc. v. Fairhaven Sav. Bank,* 3 Mass. App. Ct. 1, 322 N.E.2d 183 (1975)*,* the appeals court correctly rejected the borrower's argument that it could "redeem the premises at any time prior to the delivery of [the foreclosure] deed." *Id.,* 3 Mass. App. Ct. at 3.   The borrower was relying on the general rule that if a deed has not been delivered, it does not pass title.  *See, e.g., Frankowich v. Szczuka,* 321 Mass. 75, 77, 71 N.E.2d 761 (1947).  The appeals court rejected that argument because, as stated in the above quotes, the foreclosure sale occurs at the time of the auction.  *Outpost Cafe,* 3 Mass. App. Ct. at 3-5.  *Accord Dickey v. U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr.,* 2020 WL 4474273 (D. Mass. 2020),

7

*aff'd,* 2021 WL 7627516 (1st Cir. 2021) ("under Massachusetts law, a mortgagor's equity of redemption is extinguished at the time the foreclosure sale is concluded, not when the deed is recorded.") (unpublished); *Samayoa v. Encore Credit Corp. (In re Samayoa),* 2011 WL 5041756 at * 3 (Bankr. D. Mass. Oct. 24, 2011) (unpublished) ("Generally, if the holder of a mortgage conducts a valid foreclosure sale, the debtor's equity of redemption in the property also is foreclosed.")

The court recognized in *Outpost Cafe* the "significant distinction between the equity of redemption, which gives a mortgagor the right to redeem title to the property" until the foreclosure sale, "and an ownership of equity in the foreclosure sale proceeds." *Ray v. JP Morgan Chase & Co.,* 2016 WL 2854323 at *5 (Mass. Land Ct. May 16, 2016), *aff'd sub nom. Ray v. JPMorgan Chase & Co.,* 2017 WL 4832728 (2017) (unpublished). After a foreclosure sale the mortgagor is only "entitled to receive any residual amounts it is due after the mortgagee's debt has been satisfied" and not "the lost equity of redemption." *In re Crichlow,* 322 B.R. 229, 237 (Bankr. D. Mass. 2004).[2] Thus, all that the Debtor owned when he filed the bankruptcy petition was an interest in the foreclosure sale proceeds, which is

---

[2] *Accord, e.g., In re Theoclis,* 213 B.R. 880, 882 (Bankr. D. Mass.1997) (where, as here, a memorandum of sale was fully signed prior to the bankruptcy filing, the equity of redemption no longer existed and the debtor and bankruptcy estate had no interest in the property); *Brown v. Financial Enters. Corp. (In re Hall),* 188 B.R. 476, 482 (Bankr. D. Mass.1995) (same).

whatever amount was left from the foreclosure sale after encumbrances and expenses were paid off.

In this case, the District Court recognized that "[c]aselaw from both this District and the Commonwealth amply demonstrates that the equity of redemption is extinguished at the conclusion of a foreclosure auction sale as of the moment a memorandum of sale is executed." Order,, at p. 17. The District Court cites four Massachusetts appeals court cases which are on point. *Id.,* at pp. 17-18. The District Court then correctly states as follows: "More importantly, the Supreme Judicial Court has agreed with the Commonwealth's Appeals Court on this point. ... [T]he Supreme Judicial Court held that '[t]he execution of the memorandum of sale terminated the plaintiffs' equity of redemption.'" *Williams v. Resolution GGF Oy,* 417 Mass. 377, 384, 630 N.E.2d 581 (1994)." *Id.,* at p. 18.

In addition to those state cases, the District Court cites five Massachusetts bankruptcy court cases which reached the same holding, *id.,* at pp. 19-21, and three U.S. District Court for Massachusetts cases which also reached the same holding, including one that was affirmed by the First Circuit. *Id.,* at p. 22.

After discussing those cases the District Court writes: "This Court therefore concludes it well-settled by both the courts of the Commonwealth and in this district that in the Commonwealth, a mortgagor's equity of redemption extinguishes upon

the execution of a memorandum of sale at the auction sale. Tran's contentions to the contrary are rejected." *Id.*  The District Court further explained:

> This Court remains unpersuaded by Tran's focus on the deed, because, as the courts of the Commonwealth whose decisions were surveyed earlier in this opinion make abundantly clear, the  prompt delivery of a non-defective deed is not the instrument or the process through which one's equity of redemption is  extinguished. Rather, it is the execution of a memorandum of sale that extinguishes said equity.

*Id.,* at p. 27.

## V.    The Affidavit Of Sale Provides Constructive Notice Of The Foreclosure Sale Terminating Tran's Equity Of Redemption

The question of whether a good faith purchaser would have been put on constructive notice of the extinguishment of Tran's equity of redemption pursuant to 11 U.S.C. § 544 is determined under state law.  *See Perrino v. BAC Home Loans Servicing, LP (In re Trask),* 462 B.R. 268, 274 (B.A.P. 1st Cir. 2011) ("Section 544(a) does not give the Trustee any greater rights than he, or any person, would have as a bona fide purchaser ... under applicable state law.").

G.L. c. 244, § 15(b) states that affidavits of sale provide constructive notice that foreclosure sales are proper: "If the affidavit shows that the requirements of the power of sale and the law have been complied with in all respects, the affidavit or a certified copy of the record thereof, shall be admitted as evidence that the power of sale was duly executed."  G.L. c. 244, § 15(b).  Here, the Affidavit of Sale, which was recorded before the bankruptcy petition was filed, shows that the legal

requirements for the sale were complied with in all respects. *See* G.L. c. 244, § 15; G.L. c. 244, § 14.

It was not necessary to record a foreclosure deed to provide constructive notice of the foreclosure sale because "the 'foreclosure is complete' at the time of the auction sale." *Outpost Cafe, Inc. v. Fairhaven Sav. Bank,* 3 Mass. App. Ct. 1, 5, 322 N.E.2d 183 (1975). Consequently, a recorded affidavit of sale provides constructive notice of the sale. "An auction sale is complete, in the generally understood sense, when the auctioneer signifies his acceptance of the highest bid … A study of various of the sections of G.L. c. 244 … yields a number of indications that such is the sense in which the words 'sold' and 'sale' are employed in the statutory provisions concerned with the foreclosure of a mortgage …." *Id.,* 3 Mass. App. Ct. at 3. "If we were to be guided solely by the ordinary principles of statutory construction, we would unhesitatingly conclude that the premises in this case were 'sold' within the meaning of s. 18 on the date of the foreclosure sale….. We believe that a careful analysis of the pertinent cases leads to the same conclusion." *Id.,* 3 Mass. App. Ct. at 4.

The Order provides additional reasons that the Affidavit of Sale provides constructive notice of the foreclosure auction:

> In the present appeal, Tran has not contested the Affidavit of Sale evidencing the conclusion of the foreclosure auction via a duly executed memorandum of sale. Having reviewed the Bankruptcy

11

Docket, this Court observes that the Affidavit of Sale contains the seller and the purchaser's names and their signatures, correctly identifies the Property and the purchase price, is notarized, notes compliance with the requirement to publish notice of the sale in a local newspaper three times, and is accompanied by a note of general compliance with the Commonwealth's applicable notice requirements.  In the absence of any evidence proffered by Tran that the Affidavit of Sale is defective, the Court concludes that the affidavit's prepetition recording provided constructive notice to bona fide third parties.

Order, at pp. 29-30 (citations omitted).

The Affidavit of Sale meets the statutory requirement for notarization and recording because the notary certificate is in the standard jurat form, as required by Massachusetts law.  G.L. c. 222, § 15(c).

## VI.   Judge Young Did Not Look To *In Re Mbazira* For Guidance Because Judge Young Correctly Concluded That The Deed Is Irrelevant Here

Tran asserts that whether the deed was notarized is a material fact.  Tran Brief, at p. 6.   In support of that assertion, the Reply states that "Judge Young correctly looked to this court's decision in In re Mbazira, 15 R. 4th 106 (1st Cir. 2021), for guidance as to the effect of an unnotarized deed." *Id,* at p. 8.  Actually, Judge Young did not do that.  The Order cites *In re Mbazira* only once, and that was for its description of 11 U.S.C. § 544(a)(3).  Order, at p. 25.  The Order does not look to any case for guidance as to the effect of an unnotarized deed, because as Judge Young concluded, the deed is irrelevant here.

12

The Order correctly explains that notarization of the deed does not matter here because many Massachusetts decisions have made it "abundantly clear" that the execution of the memorandum of sale extinguishes the equity of redemption:

> This Court remains unpersuaded by Tran's focus on the deed, because, as the courts of the Commonwealth whose decisions were surveyed earlier in this opinion make abundantly clear, the prompt delivery of a non-defective deed is not the instrument or the process through which one's equity of redemption is extinguished. Rather, it is the execution of a memorandum of sale that extinguishes said equity.

*Id.,* at p. 27.

## VII. Tran's New Argument That The Affidavit Of Sale Lives Or Dies With The Foreclosure Deed Is Waived And Lacks Merit

Tran first raised an argument in this Court that "[b]ecause the … affidavit of sale is required to be recorded with the deed, it lives or dies (so to speak) with the deed; that is, if the deed is void, so is the memorandum or affidavit." Tran Brief, at p. 7. That new argument was "raised for the first time on appeal without citation to any pertinent authority, so it is both inadequately presented and waived." *Puerto Rico Tel. Co. v. T-Mobile Puerto Rico LLC,* 678 F.3d 49, 58 n. 5 (1st Cir. 2012).

In addition to being inadequately presented and waived, Tran's new argument fails on the merits for multiple reasons, including the following.

First, there is nothing in Massachusetts case law or statutes that states that if two documents are recorded together, a missing acknowledgment in one of the documents makes the recording of the other document invalid or void.

Second, Tran's assertion that this Court held that "an unnotarized deed is void" is incorrect. Tran Brief, at p. 14, citing *U.S. Bank v. Desmond (In re Mbazira),* 15 F.4th 106 (1st Cir. 2021). Actually, *In re Mbazira* only held that an unnotarized deed is avoidable under 11 U.S.C. § 544, not that an unnotarized deed is void. Under Massachusetts law, an unacknowledged deed is not void because it is valid between the grantor, in this case Citizens Bank, and the grantee, in this case Jacobs. *Cooper v. Monroe,* 237 Mass. 192, 198, 129 N.E. 436 (1921) ("It is well settled that a deed duly signed, sealed and delivered is sufficient as between the original parties to it to transfer the whole title of the grantor to the grantee, although the instrument is not acknowledged or recorded.").

Third, the foreclosure deed is not avoidable under 11 U.S.C. § 544 because as discussed above, it only conveyed Citizens Bank's legal title to the property. It did not convey any property owned by Tran.

Additionally, Tran's argument makes an incorrect statement, that there is a requirement that the Affidavit of Sale be recorded with the Foreclosure Deed. There is no requirement in the statutes or case law that they be recorded together.

## VIII. *White v. Macarelli* Does Not Hold That Mortgagors Retain Any Title To Property After The Foreclosure Sale

Tran relies on the following quote:

Until the contract of sale is completed the mortgagor has an equity in the property, but it is not strictly accurate to designate this interest as

an equity of redemption. The mortgagor, after a valid auction sale under a power of sale in the mortgage deed, has no right to redeem, although he has an ownership of the equity.

Tran Brief, at p. 10, *citing White v. Macarelli,* 267 Mass. 596, 599, 166 N.E. 734 (1929).

Tran's counsel raised the same argument twenty years ago while representing a debtor in another bankruptcy case.  In that case, Tran's counsel contended that "ownership of the equity" in *White* included property rights.  That contention was soundly rejected by the Bankruptcy Court, which held that after the mortgagor's equity of redemption has extinguished by the execution of the memorandum of sale, all that the mortgagor has left is residual amounts that he is due after the mortgagee's debt has been satisfied:

> The Debtor contends that … *White* … [held] that until the foreclosure sale is *actually* completed by delivery of deed, the mortgagor continues to have rights in the property …" …  This analysis is incorrect. *White* … stands for the proposition that a mortgagor retains certain limited rights against the mortgagee after the "foreclosure sale is fairly conducted ..." [*White,* 267 Mass.] at 599, 166 N.E. 734. These limited rights do not conflict with the constant and consistent references to the sale at the foreclosure auction. **They simply ensure that a mortgagor is entitled to receive any residual amounts it is due after the mortgagee's debt has been satisfied. They do not revive the lost equity of redemption.**

*In re Crichlow,* 322 B.R. 229, 237 (Bankr. D. Mass. 2004) (emphasis added).  *See also Outpost Cafe, Inc. v. Fairhaven Sav. Bank,* 3 Mass. App. Ct. 1, 322 N.E.2d 183 (1975); *Ray v. JP Morgan Chase & Co.,* 2016 WL 2854323 at *5 (Mass. Land Ct.

15

May 16, 2016) (stating that in *Outpost Café,* "[t]he court recognized a significant distinction between the equity of redemption, which gives a mortgagor the right to redeem title to the property" until the foreclosure sale, "and an ownership of equity in the foreclosure sale proceeds."), *aff'd sub nom. Ray v. JPMorgan Chase & Co.,* 2017 WL 4832728 (2017) (unpublished).

## IX.   Judge Young Wrote "Clarified" Not "Muddied" Regarding Post-*Beal* Cases

Tran incorrectly asserts that "Judge Young correctly notes that subsequent court have … muddied the waters about what that phrase [in *Beal v. Attleborough Savings Bank Beal,* 248 Mass. 342, 142 N.E. 789 (1924)] means."  Tran Brief, at p. 10.  Actually, the word that Judge Young used was "clarified," not "muddied":

> Most notably, … the Supreme Judicial Court clarified a few years after Beal, in a decision written by the Justice who had written the Beal opinion, that "[Beal] is not an authority for the contention that the right to redeem continues until the conveyance is made." White v. Macarelli, 267 Mass. 596, 599 (1929).  White thus states that Beal cannot be cited as authority for the contention that the equity of redemption extinguishes not at the conclusion of a foreclosure auction sale but when conveyance takes place via the transfer and recording of a duly executed deed. Id.

> In addition, while Tran correctly observes that Beal has been continuously and approvingly cited by courts, including the Supreme Judicial Court, citations to Beal following White have followed White's clarification that Beal ought not be cited for the contention that the equity of redemption survives an auction sale and until conveyance. Co., 372 See, e.g., Kelley [v. Neilson], 433 Mass. [706] at 714 n.16; Laurin v. De Carolis Constr., 372 Mass. 688, 691 (1977); Kattor v. Adams, 323 Mass. 686, 689 (1949).  These subsequent citations to Beal

have recruited that case in aid of the proposition that the mortgagor is entitled to rents and profits received by the mortgagee during the time intervening between the auction sale and the delivery of the deed to the purchaser, which has no bearing on the equity of redemption and the precise time at which it extinguishes. <u>See, e.g., Kelley</u>, 433 Mass. at 714 n.16; <u>Laurin</u>, 372 Mass. at 691; <u>Kattor</u>, 323 Mass. at 689.

Order, at pp. 16-17.

## X.  _Fannie Mae v. Hendricks_ **Does Not Support Tran's Argument**

Tran argues that the Bankruptcy Court and the District erred by contradicting the holding in _Fannie Mae v. Hendricks_ that affidavits are "not conclusive proof of compliance with G.L. c. 244, § 14."  Tran Brief, at p.11 (quoting _Fannie Mae v. Hendricks,_ 463 Mass. 635, 642, 977 N.E.2d 552 (2012)).

To the contrary, for purposes of constructive notice, there does not need to be conclusive proof of compliance with the foreclosure statutes, only a prima facie case, as the District Court explained:

> "[F]or purposes of extinguishing a debtor's equity of redemption and ensuring that the debtor cannot avoid such extinguishment via Section 544(a)(3), it suffices that third parties are put on constructive notice of the due conclusion of a foreclosure auction and not of the deed….

> The recorded Affidavit of Sale … does exactly that: it puts third parties on notice that the foreclosure auction, whose conclusion upon the execution of a memorandum of sale extinguished Tran's equity of redemption, indeed happened. <u>See, e.g.,</u> <u>Chaves v. United States Bank, N.A.</u>, 335 F. Supp. 3d 100, 107 (D. Mass. 2018)  (Wolf, J.) (holding that defendants' "recorded Affidavit of Sale establishes a prima facie case that they have complied with the statutory requirements for conducting a foreclosure by power of sale, including the notice

requirements of § 14"); see also Fannie Mae v. Hendricks, 463 Mass. 635, 642 (2012) (holding that "where the Affidavit of Sale is in the statutory form or meets the particular requirements of § 15, a plaintiff has made a prima facie case").

To be sure, the Commonwealth's courts have held that all that a recorded affidavit of sale does is to make a prima facie, not conclusive, case of compliance with the Commonwealth's relevant notice requirements. See, e.g., Fannie Mae, 463 Mass. at 641. If and when such a prima facie case has been made, however, it is "incumbent" upon the mortgagor to "counter with his own affidavit or acceptable alternative[.]" Chaves, 335 F. Supp. 3d at 107; Fannie Mae, 463 Mass. at 642.

Order, at pp. 28-29.

There is nothing inconsistent between *Fannie Mae v. Hendricks* and the decisions of the District Court and the Bankruptcy Court in this case.

## XI.     *In re Sullivan* **Is Not Relevant**

Tran misplaces his reliance on *In re Sullivan,* 551 B.R. 868 (Bankr. D. Mass. 2016). Tran Brief, at p. 12. There, the court held as follows:

While the bank is correct that foreclosure and sale to a third party removes real property from the bankruptcy estate so that the automatic stay would not apply to actions with respect to such property, an attempt to deprive a debtor of her possessory interest in the property (even an allegedly wrongful one) remains subject to the stay. "That is because a debtor's bare possessory interest in realty is property of the estate that is protected by the automatic stay even if the realty itself is not property of the estate."

*In re Sullivan,* 551 B.R. at 868 (quoting *In re Fitzgerald,* 237 B.R. 252, 258 (Bankr. D.Conn.1999)).

18

That holding is irrelevant here because any transfer of a debtor's possessory interest is not the type of transfer that a bona fide purchaser or a creditor could avoid under 11 U.S.C. § 544.  The debtor's possessory interest is personal to the debtor.  Moreover, Trans possession has not even been transferred.  He still resides at the Property.  Tran Brief, at p. 6.  There is nothing to avoid.

## XII.  <u>Jacob's Reply Did Not Just Say No To The Second Question</u>

Tran's assertion that Jacob's Reply in Support of Motion to Dismiss Appeal only said "no" in response to his second question (Tran Brief, at p. 13)  misses the following explanation of why the answer is "no":

> The second question is even easier to answer.  As discussed above, "ownership of the equity" only means that the mortgagor might receive surplus foreclosure proceeds.  Possible receipt of surplus foreclosure proceeds does not support an avoidance action under 11 U.S.C. § 522(h) and 11 U.S.C. § 544 for multiple reasons, including that there is nothing to avoid, no basis for avoidance, and no asset to recover.  *See In re Piper,* 291 B.R. 20, 23 (Bankr. D. Mass. 2003) ("Section 522(h) of the Bankruptcy Code permits the debtor to exercise the trustee's avoidance powers under §§ 544(a) and 545 in certain circumstance[s]: where, by exercise of the avoidance power, the debtor would recover an asset that he or she can claim as exempt.").

Jacob's Reply in Support of Motion to Dismiss Appeal, at pp. 4-5.

## <u>CONCLUSION</u>

The District Court and Bankruptcy Court decisions are correct.  None of Tran's arguments to the contrary have any merit.  Therefore, this Court should affirm the decisions of the District Court and the Bankruptcy Court.

19

Dated:  May 6, 2024

Respectfully submitted,
Herbert Jacobs,
By his attorney,

*/s/ John F. Willis*
John F. Willis, Esq
Fidelity National Law Group
125 High Street, Suite 1813
Boston, MA 02110
(617) 316-0144
John.Willis@fnf.com
First Circuit bar no. 1172692

## CERTIFICATE OF SERVICE

I, John F. Willis, Esq. of Fidelity National Law Group., do hereby certify that on May 6, 2024, the foregoing document was served electronically through the CM/ECF system to the following registered participants: David G. Baker (counsel for Andy Luu Tran), Richard Thomas Mulligan (counsel for Citizens Bank), and Lawson Williams (counsel for Citizens Bank).

*/s/ John F. Willis*