No. 24-1101
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

IN RE: ANDY LUU TRAN,

Debtor,

---

ANDY LUU TRAN,

Appellant,

v.

CITIZENS BANK, N.A., f/k/a RBS Citizens; HERBERT JACOBS,

Defendants - Appellees.

---

**REPLY BRIEF FOR APPELLANT**

ON APPEAL FROM AN ORDER OF THE BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS, AS AFFIRMED BY
THE DISTRICT COURT

*FOR THE APPELLANT:*
David G. Baker, Esq.
255 Massachusetts Avenue #614
Boston, MA. 02115
(617) 340-3680
CA # 43815

TABLE OF CONTENTS

**ARGUMENT** .......... **3**

WHAT IS A "TRANSFER"? .......... 3
WHEN CAN A TRANSFER BE AVOIDED? .......... 5
UNDER WHAT CIRCUMSTANCES MAY A TRANSFER BE AVOIDED? .......... 6
WHY IS THE DEED, ITSELF, IMPORTANT? .......... 7

**CONCLUSION** .......... **9**

**CERTIFICATE OF SERVICE** .......... **9**

TABLE OF AUTHORITIES

**Cases**

Baker Botts LLP v. ASARCO LLC, 135 S.Ct. 2158, 2169 (2015) .......... 3
Bank of America, NA v. Casey, 474 Mass. 556 (2016) .......... 7, 8
Beal v. Attleborough Sav. Bank, 248 Mass. 342 (1924) .......... 8
Bullard v. Blue Hills Bank, 135 S.Ct. 1686, 1694 (2015) .......... 5
Butner v. United States, 440 US 48 (1979) .......... 3
In re Bell, 194 BR 192 (Bankr. Court, SD Il. 1996) .......... 4
In re Feiler, 218 F. 3d 948 (9th Cir. 2000) .......... 4
In re Giacchetti, 584 BR 441 (Bankr. D. Mass. 2018) .......... 5
In re Mbazira, 15 F. 4th 106 (1st Cir. 2021) .......... 7
In re Mbazira, 518 BR 11 (Bankr. D. Mass. 2014) .......... 7
In re Rockwell, 968 F. 3d 12 (1st Cir. 2020) .......... 7
In Re Watts Contractors, Inc., 360 BR 489 (Bankr. ED VA 2007) .......... 4

**Statutes**

11 USC §101(54) .......... 4
11 USC §522(h) .......... 5
11 USC §522(h)(1) .......... 6
11 USC §544(a) .......... 6
11 USC §724(a) .......... 6
MGL Ch. 183 §5B .......... 7, 9
MGL Ch. 188 .......... 5
MGL Ch. 244 §24 .......... 8

**Rules**

Fed.R.Bankr.P. 7001 .......... 6

**ARGUMENT**

The focus of the decisions below and in Mr. Jacobs' briefs has been on applicable Massachusetts law. For that reason, it seems to Mr. Tran (or at least to the undersigned) that it is necessary to step back and examine bankruptcy law before applying state law. In this way, perhaps some clarity will be brought to the arguments and ease the way to a correct decision. It is true that unless there is a federal interest, state law controls. Butner v. United States, 440 US 48 (1979). However, there is no dispute that in the present situation, bankruptcy law is the proper starting point since bankruptcy law provides the remedy and thus is a "federal interest".

*What is a "transfer"?*

Because Mr. Tran is seeking to avoid the transfer of his equity of redemption, the statutory definition of "transfer" must be consulted. When the language of a statute is plain and is enforceable as written, that is the end of the matter. Baker Botts LLP v. ASARCO LLC, 135 S.Ct. 2158, 2169 (2015)("Section 330(a)(1) [of the Bankruptcy Code] itself does not authorize the award of fees for defending a fee application, and that is the end of the matter.")

When Congress enacted or amended the bankruptcy code, Title 11 of the United States Code, it started off with a list of fifty-

five definitions, and Congress having spoken, that, too, is the end of the matter. 11 USC §101(54) says, in full:

> (54) The term "transfer" means—
> (A) the creation of a lien;
> (B) the retention of title as a security interest;
> *(C) the foreclosure of a debtor's equity of redemption;* or
> (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—
> (i) property; or
> (ii) an interest in property.

(emphasis added). There is no dispute whatsoever that when Citizens Bank foreclosed Mr. Tran's equity of redemption, that was a "transfer" in the bankruptcy context, and no amount of nattering about legal versus equitable title can change that fact. Mr. Jacobs subverts this hard and fast principle by arguing that what Citizens Bank sold was its legal title. That is not, and (despite some possible lack of clarity in prior arguments)never has been, the issue. Mr. Tran wants to avoid the transfer and recover his equity of redemption so that he can continue to live in the home he has worked so hard to obtain and maintain. Obviously he will have to continue (or resume) paying the mortgage loan to someone since avoidance restores the *status quo ante*, In re Bell, 194 BR 192 (Bankr. Court, SD Il. 1996); In Re Watts Contractors, Inc., 360 BR 489 (Bankr. ED VA 2007) (*citing* Bell); In re Feiler, 218 F. 3d 948 (9th Cir. 2000), but that issue was never addressed below.

*When can a transfer be avoided?*

Usually, it is a bankruptcy trustee's duty or privilege to avoid transfers. *See generally* In re Giacchetti, 584 BR 441 (Bankr. D. Mass. 2018). In some circumstances, however, a debtor has direct standing - not derivative of the trustee, Id. - to avoid transfers. 11 USC §522(h) says:

> (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
> (2) the trustee does not attempt to avoid such transfer.

There is no dispute that Mr. Tran claimed his home as exempt pursuant to the Massachusetts Homestead Statute, MGL Ch. 188. There is no dispute as to whether the trustee attempted to avoid the transfer; he didn't[1]. Thus Mr. Tran has standing to avoid the transfer of his equity of redemption, and an Adversary Proceeding for that purpose was proper. An "adversary proceeding" is "… essentially [a] full civil lawsuit[] carried out under the umbrella of the bankruptcy case…". Bullard v. Blue Hills Bank, 135 S.Ct. 1686, 1694 (2015). Fed.R.Bankr.P. 7001 defines what matters are adversary proceedings, and includes avoidance actions.

[1] In the District of Massachusetts, it would be quite unusual for a chapter 13 trustee to litigate an avoidance action. A new chapter 13 trustee was recently appointed in Worcester, so that may change.

*Under what circumstances may a transfer be avoided?*

11 USC §522(h)(1), *supra*, states the circumstances under which a transfer may be avoided. 11 USC §724(a) does not apply in chapter 13, but the Part V sections do. 11 USC §544(a) says:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Sub-sections (1) and (2) obviously do not apply; although Mr. Jacobs has filed Proofs of Claim in Mr. Tran's case, they do not pertain to an extension of credit to Mr. Tran. Thus sub-section (3) controls in this case. It puts the trustee or debtor in the shoes of a third party without notice of any prior transfer.

That sub-section speaks of a hypothetical situation, given that it applies "whether or not such a purchaser exists." The introductory paragraph makes it clear that regardless of any knowledge on the part of the trustee or any creditor, the transfer may be avoided up to the time that the transfer is perfected[2]. A transfer of real property is perfected by recording the deed in the Registry of Deeds. *See* Bank of America, NA v. Casey, 474 Mass. 556 (2016). In that case, the court answered questions posed by this Court and held that where a mortgage contains a material defect in the acknowledgement and thus was improvidently recorded (i.e., as a matter of law, it should not have been recorded), an attorney's affidavit that complies strictly with MGL Ch. 183 §5B could cure the defect and thus defeat the attempt by a bankruptcy trustee to avoid the mortgage, *citing, inter alia,* In re Mbazira, 518 BR 11 (Bankr. D. Mass. 2014), *aff'd* In re Mbazira, 15 F. 4th 106 (1st Cir. 2021). Since the deed to Mr. Tran's property that was recorded pre-petition lacks a notarization; is not signed by an attorney; and also does not otherwise comply strictly with the statute, it is ineffective to give notice.

*Why is the deed, itself, important?*

[2] This circuit follows the "snapshot" rule, so it is the state of affairs as of the petition date that controls. In re Rockwell, 968 F. 3d 12 (1st Cir. 2020).

The courts below held, and Mr. Jacobs argues, that the undisputed fact that the deed was not notarized or acknowledged is irrelevant because an affidavit required by MGL Ch. 244 §24 was attached to the improvidently recorded deed, *Mr. Tran's appendix at pg. 33.* But that affidavit is not a deed, and conveys nothing. In Beal v. Attleborough Sav. Bank, 248 Mass. 342 (1924), the court states that: **"The auction sale was in effect a mere contract for a sale. The sale was not executed until the deed was delivered, when the title passed to the purchaser."** (emphasis added.) In other words, the auction "sale", itself, did not effect a conveyance of the property, and the unacknowledged deed did not provide constructive notice to third parties even if it was recorded after the consideration paid and the deed recorded, said recording being "improvident" since the deed was not acknowledged. Ultimately, the bankruptcy code requires that the transfer be perfected in order to frustrate a trustee or debtor's avoidance action, and an unacknowledged deed cannot be perfected without compliance with the statute. Casey, *supra.* The transfer of Mr. Tran's equity of redemption to Mr. Jacobs and the subsequent delivery of the deed were effective between Citizens Bank and Mr. Jacobs, but because the deed that was recorded was defective and thus "improvidently" recorded, it gave no notice to any third parties, being unperfected.

Furthermore, that affidavit does not comply in any manner with MGL Ch. 183 §5B since, if nothing else, it is not the affidavit of an attorney with knowledge of the circumstances of the execution of the deed, which is a necessary part of any notarization.

**CONCLUSION**

The courts below erred in ruling against Mr. Tran on the basis of the foreclosure auction sale affidavit. It is the deed that matters and recording it perfects the transfer of title to the property. The deed that was recorded pre-petition in this case is unperfected and not effective to convey title since it lacks a notarization. Thus the courts below should be reversed and the matter remanded for entry of judgment in favor of Mr. Tran.

June 17, 2024

Respectfully submitted,
Andy Luu Tran, appellant
By attorney,

/s/ *David G. Baker*

David G. Baker, Esq.
255 Massachusetts Avenue #614
Boston, MA 02115
BBO# 634889
617-340-3680

**Certificate of Service**

The undersigned states upon information and belief that the within paper was served on the persons named below by the court's CM/ECF system on the date set forth above.

/s/ *David G. Baker*
David G. Baker, Esq.

- Richard King - USTPRegion01.WO.ECF@USDOJ.GOV
- Kate E. Nicholson on behalf of Interested Party Herbert Jacobs - knicholson@nicholsonpc.com, knicholson@ecf.courtdrive.com admin@nicholsonpc.com;cloredo@nicholsonpc.com
- Lawson Williams on behalf of Creditor Citizens Bank, N.A. lawson.williams@brockandscott.com, WBECF@brockandscott.com
- John F. Willis on behalf of Defendant Herbert Jacobs john.willis@fnf.com